UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN
-----------------------------------------------------------------X

STACIE A. MIKHAEL, *Individually and on Behalf
of all other similarly situated*,

Case No. 20-cv-02908-KAM-SMG

                                        Plaintiff,

        -against-

CREDIT CORP SOLUTIONS, INC. d/b/a
TASMAN CREDIT,

                                        Defendant.

-----------------------------------------------------------------

## DEFENDANT'S MEMORANDUM OF LAW OF SUPPORT
## OF ITS MOTION TO DISMISS

Respectfully submitted by BLANK ROME LLP

Scott E. Wortman
Chenxi Jiao
1271 Avenue of the Americas
New York, NY 10020

Sarah A. Wilson [*Pro Hac Vice*]
1700 PNC Center
201 E Fifth Street
Cincinnati, OH 45202

*Attorneys for Defendant Credit Corp
Solutions, Inc. d/b/a Tasman Credit*

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS..................................................................................................... i

PRELIMINARY STATEMENT .......................................................................................1

SUMMARY OF FACTS ..................................................................................................2

ARGUMENT ....................................................................................................................4

     I.      LEGAL STANDARDS ..........................................................................................4

          A.     The Motion to Dismiss Standard ................................................................4

          B.     FDCPA and the Least Sophisticated Consumer Standard ...........................5

     II.     PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY WITH PREJUDICE ...............................................................................................7

          A.     Plaintiff Does Not State a Claim under Section 1692e(5) .........................7

               1.     The Letter Does Not Threaten Legal Action ..................................8

               2.     Plaintiff Does Not Sufficiently State A Claim That Credit Corp Did Not and Never Intended to Forward Plaintiff's Account to an Attorney ........................................................................................10

          B.     Plaintiff Does Not State a Claim under Sections 1692e or 1692e(10) ......15

          C.     Plaintiff's Claim for Injunctive or Declaratory Relief Should Be Dismissed ...............................................................................................16

CONCLUSION................................................................................................................16

Page(s)

**Cases**

*Allen v. Advanced Call Ctr. Techs., L.L.C.*,
No. 18-CV-2873 (RRM) (AYS), 2019 WL 4887683 (E.D.N.Y. Sept. 30, 2019) ...............................................................................................................................12

*Allen v. United Student Aid Funds, Inc.*,
No. 17-CV-8192 (VSB), 2018 WL 4680023 (S.D.N.Y. Sept. 28, 2018),
*reconsideration denied*, No. 17-CV-8192 (VSB), 2019 WL 4686529
(S.D.N.Y. Sept. 26, 2019) .......................................................................................16

*Altieri v. Overton, Russell, Doerr, & Donovan, LLP*,
281 F. Supp. 3d 254 (N.D.N.Y. 2017) ....................................................................12

*Altman v. J.C. Christensen & Assocs., Inc.*,
786 F.3d 191 (2d Cir. 2015) ......................................................................................6

*Anderson v. Davis Polk & Wardwell LLP*,
850 F. Supp. 2d at 402 ..............................................................................................5

*Arista Records, LLC v. Doe 3*,
604 F.3d 110 (2d Cir. 2010) ....................................................................................13

*Ashcroft v. Iqbal*,
556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ...........................4, 5, 11

*ATSI Communications, Inc. v. Shaar Fund, Ltd.*,
493 F.3d 87 (2d Cir. 2007) ........................................................................................5

*Avila v. Riexinger & Assocs., LLC*,
No. 13 CV 4349 RJD LB, 2015 WL 1731542 (E.D.N.Y. Apr. 14, 2015) ......8, 9, 10

*Baptist v. Glob. Holding & Inv. Co.*,
No. CIVA04CV2365(DGT), 2007 WL 1989450 (E.D.N.Y. July 9, 2007) ..............12

*Beauchamp v. Fin. Recovery Servs., Inc.*,
No. 10 Civ. 4864(SAS), 2011 WL 891320 (S.D.N.Y. Mar. 14, 2011) .....................7

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ...............................4, 11

*Chambers v. Time Warner, Inc.*,
282 F.3d 147 (2d Cir. 2002) ......................................................................................5

ii

*Citizens United v. Schneiderman*,
 882 F.3d 374 (2d Cir. 2018)..................................................................13

*City of Amsterdam v. Daniel Goldreyer, Ltd.*,
 882 F. Supp. 1273 (E.D.N.Y. 1995) ......................................................13

*Clomon v. Jackson*,
 988 F.2d 1314 (2d Cir. 1993)..................................................................6

*Cohen v. Rosicki, Rosicki & Assocs., P.C.*,
 897 F.3d 75 (2d Cir. 2018)......................................................................6

*Craig v. Saxon Mortg. Servs., Inc.*,
 No. 13-CV-4526 SJF GRB, 2015 WL 171234 (E.D.N.Y. Jan. 13, 2015)...............................5

*Cruz v. Credit Control Services, Inc.*,
 2017 WL 5195225 (E.D.N.Y. 2017)........................................................5

*Gervais v. Riddle & Assocs., P.C.*,
 479 F. Supp. 2d 270 (D. Conn.2007) ......................................................8

*Global Network Commc'ns, Inc. v. City of New York*,
 458 F.3d 150 (2d Cir. 2006)..................................................................13

*Greco v. Trauner, Cohen & Thomas, LLP*,
 412 F.3d 360 (2d Cir. 2003)....................................................................7

*Jacobson v. Healthcare Fin. Servs., Inc.*,
 516 F.3d 85 (2d Cir. 2008)......................................................................6

*Kelsey v. Forster & Garbus, LLP*,
 353 F. Supp. 3d 223 (W.D.N.Y. 2019) ..................................................6

*Khon v. Paul Michael Mktg. Serv., Inc.*,
 No. CV05-2771(SJF)(MDG), 2006 WL 3065588 (E.D.N.Y. Oct. 27, 2006) ........................15

*Kolbasyuk v. Capital Mgmt. Servs., LP*,
 918 F.3d 236 (2d Cir. 2019)................................................................6, 7

*Kraus v. Prof'l Bureau of Collections of Maryland, Inc.*,
 281 F. Supp. 3d 312 (E.D.N.Y. 2017) ..................................................11

*Lotito v. Recovery Assocs. Inc.*,
 No. 13-CV-5833 SJF-AKT, 2014 WL 4659464 (E.D.N.Y. Sept. 17, 2014)..........................6

*Luci v. Overton, Russell, Doerr & Donovan, LLP*,
 789 F. App'x 895 (2d Cir. 2019) ..........................................................11

iii

*MacEntee v. IBM (International Business Machines)*,
    783 F. Supp. 2d 434 (S.D.N.Y. 2011) ...................................................................5

*Madonna v. Acad. Collection Serv., Inc.*,
    1997 WL 530101 (D. Conn. Aug. 12, 1997) ........................................................8

*Miller v. Wolpoff & Abramson, LLP*,
    321 F.3d 292 (2d Cir. 2003) ...............................................................................7

*Nichols v. Frederick J. Hanna & Assocs., PC*,
    760 F. Supp. 2d 275 (N.D.N.Y. 2011) .............................................................15

*Park v. Forster & Garbus, LLP*,
    No. 19-CV-3621 (ARR) (ST), 2019 WL 5895703 (E.D.N.Y. Nov. 12, 2019) .......................10

*Patane v. Clark*,
    508 F.3d 106 (2d Cir. 2007) ...............................................................................4

*Quamina v. Retrieval Masters Creditors Bureau, Inc.*,
    No. 10-CV-01852 ERK RER, 2011 WL 1099483 (E.D.N.Y. Mar. 22, 2011) ....................8, 9

*Quinteros v. MBI Assocs., Inc.*,
    999 F. Supp. 2d 434 (E.D.N.Y. 2014) .................................................................7

*Rosenfeld v. Lenich*,
    370 F. Supp. 3d 335 (E.D.N.Y. 2019) .................................................................5

*Russell v. Equifax A.R.S.*,
    74 F.3d 30 (2d Cir. 1996) ...................................................................................6

*Rutty v. Krimko*,
    789 F. App'x 916 (2d Cir. 2020) .......................................................................11

*Sluys v. Hand*,
    831 F. Supp. 321 (S.D.N.Y. 1993) ...............................................................12, 15

*Sorel v. Capital One Servs., LLC*,
    No. 3:11-CV-703 SRU, 2012 WL 3596487 (D. Conn. Aug. 20, 2012) ....................8, 9, 10

*Sparkman v. Zwicker & Assocs., P.C.*,
    374 F. Supp. 2d 293 (E.D.N.Y. 2005) ...............................................................16

*Spira v. Ashwood Fin., Inc.*,
    358 F. Supp. 2d 150 (E.D.N.Y. 2005) ...............................................................16

*Steger v. Delta Airlines, Inc.*,
    382 F. Supp. 2d 382 (E.D.N.Y. 2005) .................................................................5

152154.00620/123924549v.6

*Taubenfliegel v. EGS Fin. Care, Inc.*,
    764 F. App'x 76 (2d Cir. 2019) ............................................................5

*Taylor v. Am. Coradius Int'l, LLC*,
    No. 19-CV-4890(EK)(VMS), 2020 WL 4504657 (E.D.N.Y. Aug. 5, 2020) ...........................5

*United Merch. Wholesale, Inc. v. IFFCO, Inc.*,
    51 F. Supp. 3d 249 (E.D.N.Y. 2014) ................................................13

*Wood v. Capital One Servs., LLC*,
    No. 5:09-CV-1445 NPM/DEP, 2012 WL 4364494 (N.D.N.Y. Sept. 21, 2012) ............8, 9, 15

**Statutes**

15 U.S.C. §§ 1692, *et seq* ....................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 12 ..........................................................................2

Fed. R. Civ. P. 12(b)(2) ...............................................................11

Fed. R. Civ. P. 12(b)(6) ................................................1, 4, 5, 11

Fed. R. Civ. P. 12(c) .....................................................................15

Credit Corp Solutions, Inc. d/b/a Tasman Credit (hereinafter "CCS" or "Defendant") submits this memorandum of law in support of its motion, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Stacie A. Mikhael's (hereinafter "Mikhael" or "Plaintiff") putative class action complaint (the "Complaint" or "Compl.") with prejudice.

## PRELIMINARY STATEMENT

Plaintiff commenced this putative class action lawsuit alleging that Defendant's letter dated February 20, 2020, Compl. Ex. 1 [Dkt. No. 1-1] (the "Letter") violates the Fair Debt Collections Practices Act, 15 U.S.C. 1692, *et seq* ("FDCPA" or the "Act"). Specifically, Plaintiff alleges the Letter violates sections 1692e, e(5), and e(10) of the FDCPA because the Letter threatens to refer Plaintiff's unpaid account ("*outstanding balance of $26,567.39*") to a law firm to be reviewed by an attorney for possible legal options. (Compl. ¶¶ 36-43, Compl. Ex. 1; Dkt. No. 1-1).

Notwithstanding Plaintiff's unsupported legal conclusions, the Letter makes it abundantly clear that Credit Corp is not threatening legal action. In part, the Letter states "[i]f payment is not received [Credit Corp] will be sending [Plaintiff's] account to a law firm to be reviewed by an attorney for possible legal options." The Letter plainly reflects the *possibility* of a referral to an attorney, which courts in this Circuit have long held, as a matter of law, is not actionable under Section 1692e(5). Further, Plaintiff does not plead a single factual allegation to support her unsupported claims that "[o]n information and belief, Defendant did not forward [and] 'never intended to forward' Plaintiff's account to an attorney as stated in the Letter." (Compl. ¶¶ 38-39). Plaintiff's legal conclusions masquerading as factual allegations are not only implausible, they are entirely controverted by public records revealing that within the year preceding February 20, 2020 (*the date of the alleged offense*), Credit Corp was the named plaintiff in 2,580 collection lawsuits filed by licensed attorneys throughout the state of New York .

1

The remainder of Plaintiff's allegations flow from the Section 1692e(5) claims and, for the reasons set forth below, also fail.

In addition, amendment of the Complaint would be futile because the letter at issue does not threaten legal action, as a matter of law. Correspondingly, at the Court's Pre-Motion Conference held on August 27, 2020, Plaintiff represented that she does not intend to amend the Complaint. Accordingly, the Complaint should be dismissed with prejudice.

## SUMMARY OF FACTS

This summary reflects the facts as alleged in the Complaint, as such allegations are assumed to be true within the context of Rule 12 and for the purpose of resolving this motion.[1] Plaintiff allegedly[2] owes a debt (the "Debt") that was assigned or otherwise transferred to Credit Corp for collection.[3] (Compl. ¶¶ 21-25.) At the time of assignment or transfer, the Debt was in default. (*Id.* ¶ 26.) To collect on the Debt, "Defendant contacted Plaintiff by [the Letter], dated February 20, 2020." (*Id.* ¶ 27, Comp. Ex. 1; Dkt. No. 1-1).[4]

The Letter effectively communicates the necessary information required by the Act, and provides useful information, such as (1) a toll free telephone number; (2) an email address; (3) Credit Corp's website; (4) instructions for methods of payment, including direct debit, online and by mail; (5) a New York City Department of Consumer Affairs License Number; and (6) a Privacy Notice. The body of the Letter states:

---

[1]   Credit Corp does not admit or deny and reserves the right to challenge the veracity of all allegations set forth in the Complaint.

[2]   Plaintiff states that CCS "alleges Plaintiff owes a debt." (Compl. ¶ 21). CCS, however, has not filed a responsive pleading and has not alleged anything against Plaintiff.

[3] The Letter unequivocally states that Credit Corp is the "current creditor".

[4]   Plaintiff does not allege that the Letter is an initial communication or validation notice subject to 15 U.S.C. § 1692g.

> "We are writing to inform you that your account has been referred to our Pre-Legal Department. We have been unsuccessful in establishing a resolution to your account and have not received any significant payment from you to reduce your outstanding balance of $26,567.39."[5]
>
> Please note that your account meets our legal referral criteria and is eligible to be referred to an attorney.  If payment is not received we will be sending your account to a law firm to be reviewed by an attorney for possible legal options.  If you are unable to make the full payment or have any queries in relation to your account you should contact our Pre-Legal Department immediately quoting reference DT ***8063.
>
> This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Credit Corp Solutions Inc DBA Tasman Credit is not a law firm and does not employ any attorneys."

(Compl., Ex. 1, Dkt. No. 1-1). The letter informs Mikhael that if payment is not received, that Credit Corp will send Mikhael's account to a law firm to be reviewed by an attorney for possible legal action. Credit Corp neither claims to be an attorney nor have any control over what advice or guidance an attorney may ultimately offer regarding possible legal options. Correspondingly, Plaintiff explicitly acknowledges that "pre-legal" is not a threat by Credit Corp to take legal action, and instead is a clear reference to Plaintiff's account meeting the criteria to be referred to an attorney. (Compl. ¶¶ 38-39).[6] What's more, Plaintiff does not dispute the veracity of Defendant's previous efforts to resolve the Debt (*Id*. ¶ 36),[7] and expressly acknowledges that Plaintiff could have  contacted Credit Corp with any questions about the debt or if she was unable to make the full payment. (*Id*. ¶ 37).

---

[5]   This amount of the Debt is consistently and unambiguously stated throughout the Letter.

[6]   Considering the sizeable outstanding balance ($26,567.39), Plaintiff reasonably cannot and cautiously does not allege that Plaintiff's account does not meet Defendant's criteria to be referred to an attorney.

[7]   Along these lines, Plaintiff does not allege that the Letter is an initial communication or validation notice subject to 15 U.S.C. § 1692g.

152154.00620/123924549v.6

Without alleging a single material fact outside the four corners of the Letter, Plaintiff takes a *non sequitur* leap by establishing a non-existent cause/effect relationship between Plaintiff's factual allegations and the disconnected legal conclusion — "on information and belief" — that Defendant violated the FDCPA (1) by "not forward[ing] Plaintiff's account to an attorney (*Id.* ¶ 38); and (2) because "Defendant never intended to forward Plaintiff's account to an attorney." (*Id.* ¶ 39).

In addition to seeking damages and attorneys' fees pursuant to 15 U.S.C. § 1692k [*Id. ad damnum* clause], Plaintiff requests declaratory relief (*finding Defendant's actions violate the FDCPA*) [*Id.*] and seeks to certify a class of "[a]ll consumers to whom Defendant sent a collection letter substantially and materially similar to the Letter sent to Plaintiff..."[8] (*Id.* ¶ 45.)

## ARGUMENT

## I. LEGAL STANDARDS

### A. *The Motion to Dismiss Standard*

A Rule 12(b)(6) motion tests the legal sufficiency of a plaintiff's complaint. *Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007). To survive a Rule 12(b)(6) motion, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Although the Complaint need not contain "detailed factual allegations," simple "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

---

[8] To further demonstrate that the Complaint is factually and fatally flawed, it is respectfully submitted that Plaintiff's class definition is not ascertainable and does not contain any objective criteria that would allow for putative class members to be identified in an administratively feasible way. Under the proposed class definition of "*[a]ll consumers to whom Defendant sent a collection letter substantially and materially similar to the Letter sent to Plaintiff*"), the Court would have to hold individualized mini-trials to determine liability to an individual before it could conclude that the individual is a member of the purported class.

4

statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555); *see also Taubenfliegel v. EGS Fin. Care, Inc.,* 764 F. App'x 76, 77 (2d Cir. 2019) (*Summary Order*) (*citations omitted*). Accordingly "courts are not bound to accept as true a legal conclusion couched as a factual allegation" or a "naked assertion devoid of further factual enhancement." *Rosenfeld v. Lenich*, 370 F. Supp. 3d 335, 345 (E.D.N.Y. 2019); *see also Taylor v. Am. Coradius Int'l, LLC*, No. 19-CV-4890(EK)(VMS), 2020 WL 4504657, at *1 (E.D.N.Y. Aug. 5, 2020).

Where plaintiff has not "nudged its claims … across the line from conceivable to plausible," the complaint must be dismissed. *Craig v. Saxon Mortg. Servs., Inc.*, No. 13-CV-4526 SJF GRB, 2015 WL 171234, at *8 (E.D.N.Y. Jan. 13, 2015). This pleading standard applies in "all civil actions." *Anderson*, 850 F. Supp. 2d at 402 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 684, 129 S. Ct. 1937, 1953 (2009)).

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider "any written instrument attached to the complaint" and "statements or documents incorporated into the complaint by reference." *Anderson v. Davis Polk & Wardwell LLP*, 850 F. Supp. 2d at 402 (*citing ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)); *MacEntee v. IBM (International Business Machines)*, 783 F. Supp. 2d 434, 442 (S.D.N.Y. 2011) ("In deciding a motion to dismiss, the Court is not limited to the face of the complaint."); *Steger v. Delta Airlines, Inc.*, 382 F. Supp. 2d 382, 385 (E.D.N.Y. 2005) (*citing Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) ("In addition, a plaintiff's reliance on a particular document in drafting the complaint allows the court to consider that document in deciding a motion to dismiss")).

The Court may also consider facts of which judicial notice may properly be taken. *Cruz v. Credit Control Services, Inc.*, 2017 WL 5195225, *3 (E.D.N.Y. 2017).

## B. *FDCPA and the Least Sophisticated Consumer Standard*

The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors,

to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

"[T]he question of whether a communication complies with the FDCPA is determined from the perspective of the 'least sophisticated consumer." *Kolbasyuk v. Capital Mgmt. Servs., LP*, 918 F.3d 236, 239 (2d Cir. 2019) (*citing Jacobson v. Healthcare Fin. Servs., Inc.,* 516 F.3d 85, 90 (2d Cir. 2008)); *see also Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993) (the "least sophisticated debtor standard has . . . been adopted by all federal appellate courts that have considered the issue.").

However, "the least sophisticated consumer standard incorporates a 'concept of reasonableness' that is presumed to guide even the most naïve debtor." *Clomon*, 988 F.2d at 1319. Moreover, "even the 'least sophisticated consumer' can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Id*.; *see also Kolbasyuk*, 918 F.3d at 239. This hypothetical consumer is a "naïve" and "credulous" person. *Altman v. J.C. Christensen & Assocs., Inc*., 786 F.3d 191, 193 (2d Cir. 2015) (*citations omitted*). She does not have "the astuteness of a Philadelphia lawyer or even the sophistication of the average, everyday, common consumer." *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996)). However, the least sophisticated consumer "is neither irrational nor a dolt." *Lotito v. Recovery Assocs. Inc.*, No. 13-CV-5833 SJF-AKT, 2014 WL 4659464, at *5 (E.D.N.Y. Sept. 17, 2014) (*citations omitted*).

Recently, the Second Circuit "joined several other circuits in holding that 'the least sophisticated consumer standard encompasses a materiality requirement; that is, statements must be materially false or misleading to be actionable under the FDCPA.'" *Kelsey v. Forster & Garbus,*

*LLP*, 353 F. Supp. 3d 223, 230 (W.D.N.Y. 2019) *citing Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 85 (2d Cir. 2018) ("We cited this line of cases with approval in a summary order without explicitly deciding that § 1692e incorporates a materiality requirement. We reach that conclusion here, adopting the persuasive reasoning of these courts of appeals." (citation omitted)).

Whether or not a collection letter violates the FDCPA is a question of law.  *See Kolbasyuk*, 918 F.3d at 242 (upholding the district court's finding that the letter did not violate 15 U.S.C. §§ 1692e and 1692g as a matter of law); *Greco v. Trauner, Cohen & Thomas, LLP*, 412 F.3d 360 (2d Cir. 2003) (finding it proper for a district court to determine on the pleadings that no FDCPA claim could be stated based on the language of a letter); *Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 296, 311 (2d Cir. 2003) (finding that the district court properly dismissed an FDCPA claim based on the language of the collection letter); *Beauchamp v. Fin. Recovery Servs., Inc*., No. 10 Civ. 4864(SAS), 2011 WL 891320, at *2 n. 18 (S.D.N.Y. Mar. 14, 2011) ("the trend in the Second Circuit is to treat [inquiry into the least sophisticated customer] as a matter of law that can be resolved on a motion to dismiss."); *Quinteros v. MBI Assocs., Inc*., 999 F. Supp. 2d 434, 437 (E.D.N.Y. 2014) ("the determination of how the least sophisticated consumer would view language in a defendant's collection letter is a question of law").

## II.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY WITH PREJUDICE

Plaintiff alleges that the Letter violates 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10) because Credit Crop threatens to refer Plaintiff's unpaid account to a law firm to be reviewed by an attorney for possible legal options. (Compl. ¶¶36-43).  However, Plaintiff's fails to state a cause of action under any of those sections of the FDCPA and her Complaint should be dismissed with prejudice.

### A.    *Plaintiff Does Not State a Claim under Section 1692e(5)*

152154.00620/123924549v.6

To allege a violation of section 1692e(5), a plaintiff must show that defendants (1) "threat[ened] to take any action," (2) "that cannot legally be taken or that was not intended to be taken." *Avila v. Riexinger & Assocs., LLC*, No. 13 CV 4349 RJD LB, 2015 WL 1731542, at *4 (E.D.N.Y. Apr. 14, 2015), *aff'd in relevant part*, 644 F. App'x 19 (2d Cir. 2016). As discussed below, Plaintiff cannot succeed on either prong, and thus, the Complaint should be dismissed with prejudice.

### 1. *The Letter Does Not Threaten Legal Action*

The Second Circuit has held that letters that "simply state that the debt collector 'may consider additional remedies' and that the accounts were placed with an attorney for 'such action as necessary'" are equivocal statements that do not give rise to liability under Section 1692e and Section 1692e(5). *Avila*, 644 F. App'x at 22. Accordingly, "even where communications specifically refer to legal action, a threat does not exist where the references are couched in terms of mere possibility." *Sorel v. Capital One Servs., LLC*, No. 3:11-CV-703 SRU, 2012 WL 3596487, at *6 (D. Conn. Aug. 20, 2012)[9]; *see also Wood v. Capital One Servs., LLC*, No. 5:09-CV-1445 NPM/DEP, 2012 WL 4364494, at *9 (N.D.N.Y. Sept. 21, 2012) (adopting *Sorel* analysis); *Quamina v. Retrieval Masters Creditors Bureau, Inc*., No. 10-CV-01852 ERK RER, 2011 WL 1099483, at *3 (E.D.N.Y. Mar. 22, 2011) (granting defendant judgment on the pleadings where letter did not explicitly threaten legal action).

The respective letters in *Avila, Sorel, Wood,* and *Quamina*, each of which was held not to be a violation of 15 U.S.C. § 1692e(5), show that the Letter does not threaten legal action, as a matter of law.

---

[9]  Citing *Gervais v. Riddle & Assocs., P.C.*, 479 F. Supp. 2d 270, 274 (D. Conn. 2007); *Madonna v. Acad. Collection Serv., Inc*., 1997 WL 530101, at *1–2 (D. Conn. Aug. 12, 1997) (holding letters describing possibility of initiation of legal action and possible consequences of litigation were not threats, but merely communicated that litigation was one possible course of action).

152154.00620/123924549v.6

- *Avila* – the letter was from a law firm and stated that "the above referenced matter has been placed with us for collection and such action as necessary to protect our client … At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. However, if you fail to contact this office, our client may consider additional remedies to recover the balance due." *Avila*, 2015 WL 1731542, at *1 (E.D.N.Y. Apr. 14, 2015).

- *Sorel* - the letter stated "At this point in time, your account has been pre-qualified by Capital One as lawsuit eligible. If we do not hear from you regarding this important business matter, your account may be subject to litigation. If this were to occur, your account may incur additional fees and penalties if allowed under the state law of your jurisdiction." 2012 WL 3596487 at *2.

- *Wood* – the letter stated "Your account is seriously delinquent and meets the guidelines for legal action if payment is not made toward the amount shown above." 2012 WL 4364494, at *3. The letter further stated that "No decision has been made to sue you yet, so you still have options." *Id.*

- *Quamina* - the letter stated, in relevant part, that "You have apparently chosen to ignore all of our requests for payment. However, be advised that our client has authorized us to continue our collection efforts until you have honored this outstanding obligation … To avoid further contact, **send your payment immediately**." 2011 WL 1099483, at *1 (emphasis original).

Similarly, the Letter does not threaten immediate legal action. Rather, the Letter expresses that Plaintiff's account "has been referred to [Credit Corp.'s] Pre-Legal Department" and that her "account meets our legal referral criteria and is **eligible** to be referred to an attorney." (Compl.,

Ex. 1, Dkt. No. 1-1) (*emphasis added*).  The Letter further states "[i]f payment is not received [Credit Corp] will be sending [Plaintiff's] account to a law firm to be reviewed by an attorney for **possible legal options**." (*Id.*) (*emphasis added*).  The Letter also makes clear that legal action is not imminent by stating that if Plaintiff is "unable to make the full payment … [to] contact [Credit Corp's] Pre-Legal Department." (*Id.*)

Further, the Letter is not on attorney letterhead and expressly states that Credit Corp. "is not a law firm and does not employ any attorneys." (*Id.*)  The Letter, thus, made clear that Credit Corp. was not empowered to file suit at any moment and cannot be construed, even by an unsophisticated consumer, to threaten a legal action. *See Sorel*, 2012 3596487 at *8 (letter stating that account had been placed into "pre-legal" program but "has not been placed with a law firm" was not actionable under Section 1692e(5)); *Park v. Forster & Garbus, LLP*, No. 19-CV-3621 (ARR) (ST), 2019 WL 5895703, at *8 (E.D.N.Y. Nov. 12, 2019) ("Rather than implying that F&G may pursue legal action regardless of the consumer's exercise of his validation rights, intimidating the LSC into paying his debt immediately and foregoing his rights, the sentence at issue clarifies that a lawsuit is not imminent");

### 2. *Plaintiff Does Not Sufficiently State A Claim That Credit Corp Did Not and Never Intended to Forward Plaintiff's Account to an Attorney*

The other component of Plaintiff's FDCPA claims, is that, upon sending the Letter, Credit Corp never actually intended to proceed in a consistent manner with the Letter. Plaintiff fails to sufficiently plead a factual basis to support these conclusions. *See Avila,* 2015 WL 1731542, at *4.

Specifically, Plaintiff contends that "on information and belief," Credit Corp. did not forward Plaintiff's account to an attorney as stated in the Letter and that Credit Corp. never intended to do so. (Compl. ¶¶ 38-39.)  However, Plaintiff does not provide any detail about the "information" nor the basis for Plaintiff's stated "belief." (*See id.*) Without more, this type of bare

bones allegation is inadequate to state a claim to relief that is plausible on its face. *See Rutty v.*

*Krimko*, 789 F. App'x 916, 917 (2d Cir. 2020) (affirming dismissal of an FDCPA claim under Rule

12(b)(6) where plaintiff failed to plead sufficient factual allegations to support claim).[10]

Considering the sizeable outstanding balance of the Debt ($26,567.39) (Compl. Ex. 1),

Plaintiff reasonably cannot and prudently does not allege that the balance fails to meet Defendant's

criteria to be referred to an attorney. Yet, Plaintiff still manages to cavalierly adopt the

predetermined conclusions that Defendant's conduct violates the FDCPA (1) by Defendant "not

forward[ing] Plaintiff's account to an attorney (Compl. ¶ 38); and (2) because "Defendant never

intended to forward Plaintiff's account to an attorney." (*Id*. ¶ 39). These legal conclusions

disguised as a factual allegations were not reached through the recitation of plausible facts and the

application of legal reasoning. Rather, Plaintiff uses the absence of specific factual allegations to

portray the FDCPA as a statutory blank canvas with unlimited possibilities for compulsory liability

supported by mere conclusory statements.[11] Plaintiff's bare legal claims may serve to divert

attention from the Debt; however, "[t]he FDCPA is not a debt-relief statute… and courts should

not indulge thinly veiled attempts to use it as one." *Kraus v. Prof'l Bureau of Collections of*

*Maryland, Inc.*, 281 F. Supp. 3d 312, 322 (E.D.N.Y. 2017).

---

[10]   Citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). See also *Luci v. Overton, Russell, Doerr & Donovan, LLP*, 789 F. App'x 895, 896 (2d Cir. 2019) (Summary Order), citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ("A plaintiff must 'plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

[11]   This is similar to Plaintiff's failure to show that Credit Corp is subject to personal jurisdiction in New York. While Defendant is not requesting relief pursuant to Rule 12(b)(2), Plaintiff once again assumes what she seeks to establish and fails to meet the most basic pleading requirement to support this Court's exercise of jurisdiction over Credit Corp. Plaintiff does not reach a specific jurisdictional conclusion, instead pleading a cursory allegation that "at all relevant times, Defendant conducted business within the State of New York." Compl. ¶ 4.

152154.00620/123924549v.6

Further, in order to meet the burden for plausibility beyond threadbare recitals of conclusory statements, Plaintiff would have to allege that the possibility of a referral to an attorney could be "ruled out" because, for example, "a creditor ha[s] a fixed practice of not bringing suits against customers." *See Sluys v. Hand,* 831 F. Supp. 321, 326-27 (S.D.N.Y. 1993); *Baptist v. Glob. Holding & Inv. Co.*, No. CIVA04CV2365(DGT), 2007 WL 1989450, at *5 (E.D.N.Y. July 9, 2007) ("To successfully prove a threat was in violation of § 1692e(5) based on lack of intent to follow through, the plaintiff carries the burden of showing that the possibility of a lawsuit could be ruled out").   Here, Plaintiff's "unadorned, the defendant-harmed-me-accusations that lack factual content"[12] do not plausibly state a claim against Defendant, and the Court need not accept Plaintiff's idiosyncratic interpretation of the Letter. *See Allen v. Advanced Call Ctr. Techs., L.L.C.*, No. 18-CV-2873 (RRM) (AYS), 2019 WL 4887683, at *7 (E.D.N.Y. Sept. 30, 2019) ("The least sophisticated consumer would not reasonably read Defendant's letter in the way Plaintiff suggests, and the Court need not accept their idiosyncratic interpretation.")

Here, plaintiff cannot plausibly state facts in support of the allegation that "Credit Corp did not and did not intend to forward Plaintiff's account to an attorney." That is because, the free and publicly available New York State Unified Court System records reflect that Credit Corp has been the named plaintiff in 2,580 collection lawsuits against individual debtors filed by licensed attorneys throughout the state of New York within the year preceding February 20, 2020 (*the date of the alleged offense*).  (*See* Wortman Decl.;[13] <u>Defendant's Exhibit A</u>, the "Spreadsheet.")  The content of the Spreadsheet is derived from publicly available court records, and it is submitted to

---

[12] *See Altieri v. Overton, Russell, Doerr, & Donovan, LLP,* 281 F. Supp. 3d 254, 267–68 (N.D.N.Y. 2017).

[13]   "Wortman Decl." or "Wortman Declaration" refers to the Declaration of Scott E. Wortman, dated October 13, 2020, in support of Defendant's motion to dismiss Plaintiff's Complaint.

elaborate on Plaintiff's use of "information and belief" [14] as the foundational basis for the allegations against Defendant. (Wortman Decl. 5-6.) The Spreadsheet provides the: (1) date the suit was filed; (2) the docket number; (3) the court type; (4) the County and State; and (5) the suit amount. (*Id.*, 8)  Although this information is publicly accessible, Credit Corp has omitted identifying customer information from the Spreadsheet. (*Id.*, 9.)

The Court may take judicial notice and consider this aggregated and calculated publicly filed information because Credit Corp submits it for the limited purpose of recognizing that Credit Corp has filed these lawsuits. (*Id.*, 7.)  *See also, United Merch. Wholesale, Inc. v. IFFCO, Inc.*, 51 F. Supp. 3d 249, 255 (E.D.N.Y. 2014) (*citing Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006)) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings."); *see also City of Amsterdam v. Daniel Goldreyer, Ltd.*, 882 F. Supp. 1273, 1279 (E.D.N.Y. 1995) (taking "judicial notice of the pending state court action for the limited purpose of recognizing the subject matter of the litigation" but not to "verify or disprove any disputed substantive issues in this action").

Per the court records, Plaintiff's balance outstanding of $26,567.39 is well above the average balance of $3,547.02 of these 2,580 lawsuits. (Wortman Decl. 8; Defendant's Exhibit A.) What's more, the below chart shows that 645 of the 2,580 lawsuits were brought in New York Supreme Courts, which are the courts of general jurisdiction. *Id.,* 11.

---

[14] "A litigant cannot merely plop 'upon information and belief' in front of a conclusory allegation and thereby render it non-conclusory. Those magic words will only make otherwise unsupported claims plausible when 'the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible.'" *Citizens United v. Schneiderman*, 882 F.3d 374, 384–85 (2d Cir. 2018) citing *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010).



Likewise, the chart directly below demonstrates the chronological upward trend in volume of Credit Corp's court filings by date through the one-year lookback period. *Id.*, 12.



152154.00620/123924549v.6

Accordingly, Defendant has submitted sufficient records to refute the plausibility of Plaintiff's threadbare recitals of "information and belief" with regards to Defendant's conduct. (*Id.*, 4-13). *See also., Khon v. Paul Michael Mktg. Serv., Inc.,* No. CV05-2771(SJF)(MDG), 2006 WL 3065588, at *3 (E.D.N.Y. Oct. 27, 2006) (denying Rule 12(c) motion where defendant "failed to provide a dispositive contract with its client or proof of prior legal action on similar amounts"). Plaintiff's claims should be dismissed. *See Nichols v. Frederick J. Hanna & Assocs., PC,* 760 F. Supp. 2d 275, 280 (N.D.N.Y. 2011) (dismissing Section 1692e(5) claim with prejudice where "there is nothing to suggest that any threatened legal action perceived by plaintiff could not have been taken"); *Sluys*, 831 F. Supp. at 326 ("Bringing a lawsuit for nonpayment is an ordinary activity which should be assumed to be contemplated unless the contrary is clearly established" and if initiating a law suit is both legal and plausible "it would defy common sense to determine, absent special circumstances … that it is actionable under the Act").

### B. *Plaintiff Does Not State a Claim under Sections 1692e or 1692e(10)*

Plaintiff's Complaint impliedly incorporates and applies the same "factual allegations" to all of the FDCPA claims, including that "Defendant's conduct is a false, deceptive, and/or misleading representation or means in connection with the collection of a debt in violation of 15 U.S.C. § 1692e." (Compl. ¶ 40.) However, other than manufacturing an unsupported guess that Credit Corp did not and never intended to forward Plaintiff's account to an attorney (*Id.*, ¶ 38-39), Plaintiff does not allege how Credit Corp.'s conduct was false, deceptive, or misleading. (*See* Compl.) And, as discussed above in Section II.A(2), there is no factual basis advanced by Plaintiff that Credit Corp did not and never intended to forward Plaintiff's account to an attorney to review options with respect to the Debt. Thus, Plaintiff's claim under Section 1692e should also be dismissed with prejudice. *See Wood*, 2012 WL 4364494 at *9-11 (no violation of Section 1692, et seq. despite plaintiff's assertions of communication that falsely threatened legal action).

15

Plaintiff's Complaint also relies upon the same "factual allegations" described above in assuming that Defendant violated 15 U.S.C. §1692e(10).[15] (Compl. ¶42.) Plaintiff alleges no additional facts; and therefore, Plaintiff's claim under Section 1692e(10) should also be dismissed with prejudice. *See Spira v. Ashwood Fin., Inc.*, 358 F. Supp. 2d 150, 160-61 (E.D.N.Y. 2005) ("Plaintiff has also not submitted any evidence to support her contention that this statement was a threat that it could not make. Further, because the Follow-up Letter was neither deceptive nor false, it does not violate § 1692e(10).")

C. ***Plaintiff's Claim for Injunctive or Declaratory Relief Should Be Dismissed***

Plaintiff's Complaint contains a cursory request for declaratory relief, which should be dismissed as a matter of law. (Compl. ¶ 46 and ad damnum clause) (seeks a "finding that defendant's conduct violates the FDCPA"). The FDCPA does not provide for injunctive or declaratory relief in private actions and Plaintiff's request for declaratory relief must fail. *Allen v. United Student Aid Funds, Inc*., No. 17-CV-8192 (VSB), 2018 WL 4680023, at *6 (S.D.N.Y. Sept. 28, 2018), *reconsideration denied*, No. 17-CV-8192 (VSB), 2019 WL 4686529 (S.D.N.Y. Sept. 26, 2019), citing *Sparkman v. Zwicker & Assocs., P.C.*, 374 F. Supp. 2d 293, 298 (E.D.N.Y. 2005) ("collecting cases and explaining that '[t]he FDCPA contains no express provision for injunctive or declaratory relief in private actions'").

## CONCLUSION

For all the reasons discussed above, Defendant respectfully requests that the Court enter an Order dismissing Plaintiff's Complaint with prejudice, and for such other and further relief as is just and appropriate.

---

[15] "Without limiting the general application of the foregoing, the following conduct is a violation of this section: The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

152154.00620/123924549v.6

Dated: New York, New York
October 15, 2020

Respectfully submitted

**BLANK ROME LLP**

By: Scott E. Wortman

Scott E. Wortman
Chenxi Jiao
1271 Avenue of the Americas
New York, New York 10020
swortman@blankrome.com
cjiao@blankrome.com
(212) 885-5000 (Phone)
(212) 885-3078 (Fax)

Sarah A. Wilson [*Pro Hac Vice*]
1700 PNC Center
201 E Fifth Street
Cincinnati, OH 45202
swilson@blankrome.com
513-362-8748 (Phone)
513-362-8777 (Fax)

*Attorneys for Defendant Credit Corp
Solutions, Inc. d/b/a Tasman Credit*