UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------X
Stacie A. Mikhael, individually and
on behalf of those similarly situated,

                              **Memorandum and Order**

               *Plaintiff*,

                              20-CV-02908(KAM)(RLM)

   -against-


Credit Corp Solutions Inc.,

              *Defendant*.
--------------------------------------X

**KIYO A. MATSUMOTO, United States District Judge:**

        Plaintiff Stacie A. Mikhael ("Mikhael" or "Plaintiff") filed this putative class action lawsuit alleging that the defendant's February 20, 2020, collection letter ("Letter") violated the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* (*See* Pl. Compl. ("Compl.") Ex. 1 Letter, ECF No. 1-1.) Plaintiff specifically alleged the Letter violated sections 1692e, e(5), and e(10) of the FDCPA because the Letter "threatens" to refer Plaintiff's unpaid account for attorney review for possible legal options, when in fact the defendant did not forward, and never intended to forward, Plaintiff's account to an attorney. (Compl. at ¶¶ 36-43.) Defendant Credit Corp. Solutions, Inc. ("Defendant"), brought a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Def.'s Mem. of Law ("Def.'s Mem.") at 1., ECF No. 24-1.) Defendant argues that the Letter plainly does not

threaten legal action, but instead only indicates the possibility
of a referral to an attorney for review and possible legal
options, which is not actionable in the Second Circuit under
Section 1692e(5). (*See* Def.'s Mem. at p. 1.)

For the reasons herein, Defendant's motion to dismiss
is GRANTED.

## **Background**

The following facts are drawn from Plaintiff's complaint
and documents that are either incorporated by reference in the
complaint or that are integral to the complaint. These facts "are
assumed to be true for purposes of this motion." *See Hanover
Specialties, Inc. v. Les Revêtements Polyval Inc.*, No.
19CV3732KAMCLP, 2021 WL 964970, at *1 (E.D.N.Y. Mar. 15,
2021)(citing *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d
Cir. 2010).)

Plaintiff is alleged to owe a debt in the amount of
$26,567.39, that was assigned or otherwise transferred to
Defendant Credit Corp for collection. (Compl. at ¶¶ 21, 25, 36.)
At the time of assignment or transfer to Defendant, the alleged
debt was in default. (*Id.* ¶ 26.) In an effort to collect on the
debt, Defendant sent the Letter, dated February 20, 2020, to
Plaintiff. (*Id.* ¶ 27.) Plaintiff attached a true and accurate

2

copy of the Letter as Exhibit 1 to the complaint.  (*Id.*; Letter.)
The Letter conveyed information regarding the alleged debt, and
was received and read by Plaintiff.  (Compl. at ¶¶ 28, 20; Letter
at p. 1.)

The Letter is labeled "Pre-Legal Notice."  (Compl. at ¶
35; Letter at p. 1, ECF No. 1-1) The Letter states in part,

> We are writing to inform you that your account has been
> referred to our Pre-Legal Department. We have been
> unsuccessful in establishing a resolution to your account
> and have not received any significant payment from you to
> reduce your outstanding balance of $26,567.39.

(Compl. at ¶ 36; ECF No. 1-1 at p. 1.)  The Letter also states:

> Please note that you account meets our legal referral
> criteria and is eligible to be referred to an attorney. If
> payment is not received we will be sending your account to
> a law firm to be reviewed by an attorney for possible legal
> options. If you are unable to make the full payment or have
> any queries in relation to your account you should contact
> out Pre-Legal Department immediately quoting reference DT
> 30388063.

(Compl. at ¶ 37; Letter at p. 1.)  The Letter also includes:
information regarding Plaintiff's account, a toll free telephone
number for Credit Corp's DBA ("doing business as") entity, Tasman
Credit, an email address for Tasman Credit, Tasman Credit's
website, office hours, instructions for methods of payment,
including for direct debit, online and by mail, a New York City
Department of Consumer Affairs License Number, and a Privacy
Notice.  (Letter at p. 1-2.)

3

## **Procedural History**

Plaintiff filed the complaint in this case on July 1, 2020. (*See* Compl.)  On August 14, 2020, Defendant filed a motion for a pre-motion conference, seeking leave to file a motion to dismiss, which Plaintiff opposed.  (*See* Def.'s Req. Letter, ECF No. 9; Def.'s Letter Resp. in Opp'n, ECF No. 11.)  The court granted the motion for a pre-motion conference on August 20, 2020.

During the pre-motion conference held on August 27, 2020, Plaintiff clarified that "Plaintiff's allegation is that the collection letter is misleading because it states that Defendant 'will be sending' Plaintiff's account 'to a law firm' for review (*see* ECF No. 1 -1), and upon Plaintiff's information and belief, Defendant did not do so."  (Min. Entry, Aug. 27, 2020.) As described in the minute entry for the pre-motion conference held on August 27, 2020, "Plaintiff's counsel agreed that if Defendant sent Plaintiff's account to a law firm for review, Plaintiff would not be able to state a claim."  (*Id.*)  Also during this pre-motion conference, Defendant's counsel agreed to provide Plaintiff's counsel with proof of the referral to a law firm by September 3, 2020; Plaintiff would then file either a notice of dismissal or a stipulation of dismissal, or a letter

explaining why the information provided by Defendant's counsel
was insufficient, by September 10, 2020.  (*Id.*)

Plaintiff filed a letter on September 1, 2020, indicating
that, as Defendant had advised Plaintiff "that it is unwilling
to provide any information with regard to the attorney
referral," Plaintiff intended to prosecute the case.  (Pl.'s
Sept. 1, 2020, Letter, ECF No. 15.)  The Court adopted
Defendant's proposed briefing schedule for Defendant's motion to
dismiss on September 14, 2020.

Plaintiff filed an amended complaint on November 16, 2020
(Am. Compl., ECF No. 18).  Plaintiff also filed with Defendant's
consent, a motion for extension of time, to file her opposition
to Defendant's motion to dismiss and a request to withdraw her
amended complaint, both of which the court granted on November
25, 2020.  (Pl.'s Nov. 25, 2020, Letter Mot., ECF No. 19.)  On
December 3, 2020, Plaintiff then filed a motion for leave to
amend her complaint, a stay of consideration of Defendant's
motion to dismiss pending the decision on her motion for leave
to amend, and a request for a pre-motion conference.  (Pl.'s
Dec. 3, 2020, Letter Mot., ECF No. 21.)  Defendant filed a
response in opposition to the Plaintiff's motion to amend and

stay on December 9, 2020.  (Def.'s Resp. to Def.'s Dec. 3, 2020, Letter Mot., ECF No. 22.)

The court held a pre-motion conference on December 10, 2020, and denied Plaintiff's request to amend her complaint, as Plaintiff offered no reason why she sought to amend her complaint after her counsel previously declined an opportunity to do so at the August 27, 2020 pre-motion conference, and after Defendant had expended resources briefing its motion to dismiss the original complaint.  The following day, Plaintiff filed a letter stating that Plaintiff would not seek to amend her complaint after the motion to dismiss was decided.  (*See* Pl.'s Dec. 11, 2020, Letter, ECF No. 23.)

The fully briefed motion to dismiss was filed on December 17, 2020, and included Defendant's motion to dismiss and memorandum in support (Def.'s Mot., ECF No. 24; Def.'s Mem., ECF No. 24-1), Plaintiff's opposition to the motion to dismiss, (Pl.'s Mem., ECF No. 25,), Defendant's reply (Def.'s Reply, ECF No. 26), and Defendant's request for oral argument on the motion (Def.'s Hr'g Req., ECF No. 28).  The court granted Defendant's motion for oral argument on December 18, 2020, and heard

arguments from both parties regarding Defendant's motion to dismiss on June 7, 2021, at 2:00 pm.

## Legal Standards

### I.   Motion to Dismiss Standard

Plaintiff's complaint must be dismissed if it fails to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  When considering a motion to dismiss under Rule 12(b)(6), a district court must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party."  *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007) (citation omitted).  The court, in evaluating the motion to dismiss, may refer to "documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit."  *Brass v. Am. Film Tech., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993) (internal citations omitted); *see also Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) ("[A] plaintiff's reliance on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion;

7

mere notice or possession is not enough.") (internal citations omitted.)

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must contain sufficient factual matter, that when accepted as true, "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Id.* A complaint that provides only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The factual allegations in the complaint, when presumed true, "must be enough to raise a right to relief above the speculative level…(even if doubtful in fact)." *Id.*

**II.  The FDCPA and the "Least Sophisticated Consumer" Standard**

A.  <u>FDCPA</u>

Plaintiff alleged in her complaint that Defendant's Letter violated the FDCPA. (*See* 15 U.S.C. 1692, *et seq.*) Specifically, Plaintiff alleged that the Letter violated: 1) section 1692e, which provides generally that a debt collector "may not use any false, deceptive, or misleading representation or means" when

collecting a debt; 2) section 1692e(5), which provides that
"[t]he threat to take any action that cannot legally be taken or
that is not intended to be taken" is in violation of the FDCPA,
and; 3) section 1692e(10), which provides that "[t]he use of any
false representation or deceptive means to collect or attempt to
collect any debt or to obtain information concerning a
consumer," is in violation of the FDCPA.

A violation of the FDCPA requires that "(1) the plaintiff
be a 'consumer' who allegedly owes the debt or a person who has
been the object of efforts to collect a consumer debt, (2) the
defendant collecting the debt must be considered a 'debt
collector,' and (3) the defendant must have engaged in an act or
omission in violation of the FDCPA's requirements." *Derosa v.
CAC Fin. Corp.*, 278 F. Supp. 3d 555, 559–60 (E.D.N.Y. 2017),
*aff'd*, 740 F. App'x 742 (2d Cir. 2018) (internal citations
omitted).

B. "Least Sophisticated Consumer"

In the Second Circuit, compliance with the FDCPA is
assessed "from the perspective of the 'least sophisticated
consumer.'" *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d
85, 90 (2d Cir. 2008) (quoting *Clomon v. Jackson*, 988 F.2d 1314,
1318 (2d Cir.1993).) The standard of the least sophisticated
consumer is meant to provide courts with a metric through which

to evaluate potential deceptiveness without relying on
assumptions about the "average" or "normal" consumer. *Clomon*,
988 F.2d at 1319 ("This effort is grounded, quite sensibly, in
the assumption that consumers of below-average sophistication or
intelligence are especially vulnerable to fraudulent schemes.")
Importantly, the least sophisticated consumer, though
vulnerable, is still held to a standard of reasonableness. *See
Jacobson*, 516 F.3d at 90(quoting *Clomon*, 988 F.2d at 1318 ("Even
in 'crafting a norm that protects the naive and the credulous,'
we have 'carefully preserved the concept of reasonableness.'")

Finally, the Second Circuit has joined other circuits in
holding that "the least sophisticated consumer standard
encompasses a materiality requirement; that is, statements must
be materially false or misleading to be actionable under the
FDCPA." *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75,
85 (2d Cir. 2018) (internal citations omitted). A statement is
material "if it is capable of influencing the decision of the
least sophisticated [consumer]." *Cohen*, 897 F.3d at 85.

## Discussion

Based on a review of the record and consideration of the
oral arguments made on June 7, 2021, and assuming all of the
well-pled factual allegations in the complaint are true, the

10

court finds Plaintiff fails to state a claim upon which relief
can be granted under 15 U.S.C. §§ 1692e, 1692e(5), and
1692e(10).

A. <u>Procedural Requirements</u>

The court assumes the first two required elements for a
violation of the FDCPA are met: that Plaintiff is a consumer who
owes a debt or was subject to collection efforts, and that
Defendant is a debt collector within the meaning of the statute,
as Defendant has not disputed those two elements.  (*See* Compl.
at ¶¶ 6-13.)  Defendant only contests the allegation that the
collection letter violated the FDCPA.  (*See* Def.'s Mem.; Def.'s
Reply.)

B. <u>Sections 1692e(5) and e(10)</u>

In addition to broadly alleging a violation of section
1692e, Plaintiff asserts that Defendant's Letter violates
sections 1692e(5) and e(10).  To allege a violation of section
1692e(5), a plaintiff must show that a defendant (1)
"threat[ened] to take any action," (2) "that cannot legally be
taken or that was not intended to be taken."  *Avila v. Riexinger
& Assocs., LLC*, No. 13 CV 4349 RJD LB, 2015 WL 1731542, at *4
(E.D.N.Y. Apr. 14, 2015), aff'd in relevant part, 817 F.3d 72
(2d Cir. 2016), and aff'd in relevant part, 644 F. App'x 19 (2d
Cir. 2016).  The action threatened by the defendant must be

11

"authorized, likely and imminent." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir. 1993).

Plaintiff submitted as an exhibit to the complaint the Letter that Defendant is alleged to have sent to Plaintiff in violation of the FDCPA.  (Letter, ECF No. 1-1.)  The Letter, which clearly bears the title "Pre-Legal Notice," also plainly states "your account has been referred to our Pre-Legal Department."  (*Id.*)  Here, the Letter advises that Plaintiff's account "meets [Defendant's] legal referral criteria and is eligible to be referred to an attorney," and if payment is not received, Defendant "will be "sending [Plaintiff's] account to a law firm to be reviewed by an attorney for possible legal options," at an unspecified time in the future.  When taken together, the statements in the Letter are not sufficient to constitute a threat to take imminent action that "cannot legally be taken or that was not intended to be taken" in violation of § 1692e(5).  (*See* Letter at p. 1; *see also Avila v. Riexinger & Assocs., LLC*, 644 F. App'x 19, 22 (2d Cir. 2016) (finding that the letters at issue did not violate section 1692e(5) of the FDCPA as they did not threaten legal action, and instead only stated that the debt collector "may consider additional remedies" and that the accounts were placed with an attorney for "such action as necessary."); *see also Avila*, 2015 WL 1731542,

12

at *5 ("Even explicit statements about the right to take legal action are not considered threats of litigation..."); *Nichols v. Frederick J. Hanna & Associates, PC*, 760 F. Supp.2d 275, 280 (N.D.N.Y.2011) (collecting cases) ("[a] letter that merely advises that the creditor has various options to pursue if the debtor fails to make a payment does not constitute a threat.")

Importantly, the Letter also makes available an alternative option for Plaintiff that is separate from either remitting payment or being referred to an attorney: the Letter advises that if Plaintiff is "unable to make the full payment or [has] any queries in relation to [Plaintiff's] account," Plaintiff "should contact [Credit Corp's] Pre-Legal Department," using Plaintiff's specific reference number. (*See* Letter at p. 1.) Finally, the Letter includes the following language: "Credit Corp Solutions...is not a law firm and does not employ any attorneys." (*Id.*) This language further removes the Letter from any apparent immediate or imminent threat of legal action. *See Jackson v. POM Recoveries, Inc.*, No. 17CV6118, 2020 WL 4926259, at *6 (E.D.N.Y. Aug. 21, 2020) (quoting *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 25 (2d Cir. 1989) (The language of the communication, "taken as a whole," must leave the least sophisticated reader with the impression that "some type of legal action has already been or is about to be

13

initiated and can be averted from running its course only by
payment.")  The court finds, therefore, that the least
sophisticated consumer would not reasonably interpret the
language in this Letter to mean that legal action was
"authorized, likely, and imminent."  *See Bentley*, 6 F.3d at 62.
Further, Plaintiff has not sufficiently pled facts that could
lead the court to conclude that Defendant threatened to take any
action that was "not intended to be taken."  15 U.S.C. §
1692e(5).  Nowhere in the complaint or the Letter is there any
basis for concluding that, upon a possible failure to receive
payment or contact from Plaintiff, Defendant did not intend to
send Plaintiff's "account to a law firm to be reviewed by an
attorney for possible legal options."  (Compl. at ¶ 37; Letter
at p. 1.)  Even if Defendant had not referred Plaintiff's
account to a law firm for review by an attorney, the court's
analysis would not change.  There are no facts alleged, other
than "on information and belief," that Defendant did not have
any future intention to refer Plaintiff's account to a law firm.

Given the reasons discussed immediately *supra*, the court
also finds that the Letter does not appear to use any "false
representation or deceptive means" to attempt to collect the
debt or any information from Plaintiff in violation of section
1692e(10).  Plaintiff's complaint does not offer any facts that

14

would lead the court to conclude that any of the language in the Letter amounted to a materially false representation as required by the Second Circuit, and the court is not otherwise convinced that the Letter employs any deceptive means for collecting a debt such that the least sophisticated consumer would be disadvantaged upon reading it. *See Cohen*, 897 F.3d at 85 (The materiality requirement means, "[i]n other words, 'a false statement is only actionable under the FDCPA if it has the potential to affect the decision-making process of the least sophisticated [consumer].'")

C. FDCPA Compliance

Returning to the Second Circuit's standard for evaluating compliance with the FDCPA, and given that the least sophisticated consumer is still subject to the "concept of reasonableness," the court finds that the least sophisticated consumer would not be exposed to deceptive debt collection practices upon a reading of the Letter. *See Jacobson*, 516 F.3d at 90 (quoting *Clomon*, 988 F.2d at 1318.) In applying the least sophisticated consumer standard to the Letter, the court is mindful of the dual purpose of the FDCPA: "in addition to protecting consumers against deceptive debt collection practices, the objective test we apply protects debt collectors from unreasonable constructions of their communications."

15

*Jacobson*, 516 F.3d at 90 (2d Cir. 2008.)  The court, in reviewing the Letter for compliance with the FDCPA, finds that Plaintiff's interpretation of the Letter constitutes an unreasonable construction of the communication.  Plaintiff goes a step too far in characterizing the Letter as the sort of abusive collection notice the FDCPA was meant to guard against, and the court is hesitant to aid a Plaintiff "whose claims are based on 'bizarre or idiosyncratic interpretations of collection notices.'"  *See Jacobson*, 516 F.3d at 90 (quoting *Clomon*, 988 F.2d at 1318.)

  D. Defendant's Motion to Dismiss

  Returning to the motion to dismiss standard, the complaint--which relies on and attaches only the Letter as a relevant exhibit—does not provide any additional facts or evidence in support of Plaintiff's argument that Defendant's Letter violated sections 1692e, e(5), and e(10).  In fact, apart from the Letter itself, Plaintiff appears to rely exclusively on Plaintiff's own allegations that "[o]n information and belief, Defendant did not forward Plaintiff's account to an attorney as stated in the Letter," and "[o]n information and belief, Defendant never intended to forward Plaintiff's account to an attorney as stated in the Letter."  (*See* Compl. at ¶¶ 38-39.)  The court holds that Plaintiff's "information and belief," even when accepted as

16

true, does not lead to a conclusion that the Letter violates the FDCPA under sections 1692e, e(5), or e(10).  There is simply not enough in the complaint to place Plaintiff's right to relief here "above the speculative level." *See Twombly*, 550 U.S. at 555.

Specifically, the court finds nothing in the complaint or the Letter itself that would "allow[] the court to draw the reasonable inference" that Defendant's conduct in this case amounted to a false, deceptive, or misleading representation or means in connection with the collection of a debt in violation of 15 U.S.C. § 1692e.  *Iqbal*, 556 U.S. at 678.  The court also finds that nothing in the complaint or the Letter itself allows the court to reasonably infer that Defendant's conduct amounts to the "use of any false representation or deceptive means to collect or attempt to collect any debt" in violation of 15 U.S.C. § 1692e(10).  The Defendant's language in the Letter makes clear that while legal referral is an option for which Plaintiff's account is eligible, the Defendant is not a law firm or an attorney, and further makes clear that there are intermediary steps available for Plaintiff to take that do not include immediate payment of Plaintiff's debt or legal referral. (*See* Letter at p. 1.)  Plaintiff has not contested the veracity of any of the Letter's components, and the court finds no

17

deceptiveness from a review of the Letter or through any fact alleged in the complaint.  Finally, the court finds that nothing in the complaint or the plain language of the Letter allows the court reasonably to infer that Defendant's conduct amounts to either a threat or an empty threat in violation of 15 U.S.C. § 1692e(5).  The letter stated that Plaintiff's account met the eligibility requirements for referral to an attorney for *possible* legal options, and provided options for remittance of payment and information for contacting the debt collector if Plaintiff was "unable to make the full payment" or had any questions.  (Letter at p. 1-2.) There is nothing in the record, such as a bygone deadline in the Letter by which Defendant indicated a legal referral would be made or any additional communications between Plaintiff and Defendant, that could lead the court to conclude that Defendant actually threatened to take "any action that cannot legally be taken or that is not intended to be taken."  *See* 15 U.S.C. § 1692e(5).

## Conclusion

For the foregoing reasons, Defendant's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) for failure to state a claim is GRANTED, and Plaintiff's complaint is DISMISSED with prejudice because

18

Plaintiff has affirmatively stated that she did not intend to amend her complaint.  (*See* Min. Entry, Dec. 10, 2020; s*ee also* Pl.'s Dec. 11, 2020, Letter, ECF No. 23.)  The Clerk of Court is respectfully directed to enter judgment for Defendant and close the case.  **SO ORDERED.**

Dated:    Brooklyn, New York
          June 15, 2021

                                    /s/ Kiyo A. Matsumoto
                                    Hon. Kiyo A. Matsumoto
                                    United States District Judge

19